IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAUL C. ZAPATA,

       Plaintiff,

v.                                              No. CIV 06-0981 JB/LCS

MAYOR OF ALB. N.M. MARTIN CHAVEZ,
CHIEF OF CORRECTIONS: RONALD TORREZ,
CAPTAIN CANDELARIA, M.D.C.
CORRECTIONS OFFICER,
M.D.C. MEDICAL SERVICES,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and

rule12(b)(6) of the Federal Rules of Civil Procedure, to review Plaintiff Raul C. Zapata's civil rights

complaint.  Zapata is incarcerated, appears pro se, and is proceeding in forma pauperis.  For the

reasons below, the Court will dismiss certain of Zapata's claims.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under

§1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon

which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6)

for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts

alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*,

935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*,

925 F.2d 363, 365 (10th Cir. 1991)).  In reviewing a plaintiff's pro se complaint, the Court applies

the same legal standards applicable to pleadings that counsel drafts, but liberally construes the

allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint alleges that the Albuquerque Metropolitan Detention Center ("M.D.C.") has failed to deliver Zapata's outgoing mail. Furthermore, Defendant Candelaria has assaulted Zapata, and M.D.C. has denied him adequate medical treatment. No separate allegations are made against Defendant Martin Chavez, the Mayor of Albuquerque. The complaint seeks damages and equitable relief in the form of an order to terminate Candelaria's employment at M.D.C.

The Complaint does not state a claim for relief against Chavez. To succeed on a complaint under § 1983, a plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a supervisor or elected official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id*. Here, Zapata states only that Chavez is "in charge of all city and county employees"; he makes no factual allegation affirmatively linking Chavez to the asserted constitutional deprivations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). The Court will dismiss Zapata's claims against Chavez.

Nor may the Court grant relief against Defendant M.D.C. Medical Services. The detention center is a function of Albuquerque's municipal government, and is not a proper defendant that can be held separately liable in an action under § 1983. *See Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000) ("[A] detention facility is not a person or legally created entity capable of being sued."). *Cf. Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (affirming dismissal of § 1983 claims against City of Denver Police Department because department is not a separate suable entity), vacated and remanded on other grounds sub nom. *Tyus v. Martinez*, 475 U.S. 1138 (1986). For purposes of this order, therefore, Zapata's claims against M.D.C. Medical

-2-

Services are construed as made against the municipality itself.

**IT IS THEREFORE ORDERED** that the Plaintiff's claims against Defendants Martin Chavez and M.D.C. Medical Services are dismissed with prejudice, Defendants Chavez and M.D.C. Medical Services are dismissed as parties to this action, and the Clerk is directed to substitute the City of Albuquerque for M.D.C. Medical Services as a named Defendant;

**IT IS FURTHER ORDERED** that the Clerk is directed to issue notice and waiver forms, with copies of the complaint, for Defendants Candelaria and Ronald Torrez, and to issue summons with a copy of the complaint for Defendant City of Albuquerque.

_____
UNITED STATES DISTRICT JUDGE