IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RAUL E. ZAPATA,**

    **Plaintiff,**

  v.                                                                                                                                       No. Civ. 06-0981 JB/LCS

**CITY OF ALBUQUERQUE,**
**RONALD TORREZ, AND**
**CAPTAIN CANDELARIA,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Torrez's Motion to Dismiss filed July 6, 2007 and Defendant City of Albuquerque's ("City") Motion to Dismiss filed July 12, 2007. (Docs. 22, 25.) Also before the Court are: Plaintiff's "Waiver of Reply" filed July 27, 2007, Plaintiff's Motion to Amend filed July 27, 2007, Plaintiff's Motion for Temporary Restraining Order filed August 1, 2007, and Plaintiff's Motion to Appoint Counsel filed August 7, 2007. (Docs. 26, 27, 29, 30.)

The Court, having considered the motions, the briefs, the record, relevant law, and being otherwise fully advised, finds that Defendants' Motions to Dismiss are not well-taken and should be **DENIED.** Additionally, Plaintiff's attempts to amend his complaint have thus far been made without leave of the Court and should be **DENIED**, though the Court will allow Plaintiff until **October 31, 2007** to file **one** amended complaint in accordance with FED. R. CIV. P. 15(a). Further, Plaintiff's Motion to Appoint Counsel and Motion for Temporary Restraining Order are not well-taken and should be **DENIED.**

I.  **PROCEDURAL HISTORY**

On August 15, 2005, Plaintiff was charged with aggravated assault against a household member. *State v. Zapata*, D-202-CR-200504178 (N.M. 2d).  On September 15, 2005, an indictment was filed by a grand jury, and Plaintiff was arrested. *Id*.  After a jury trial, a verdict of guilty was entered on June 5, 2007. *Id*.

Plaintiff filed this action under 42 U.S.C. § 1983 on October 10, 2006, claiming that, while incarcerated at Metropolitan Detention Center ("MDC"), he had been (1) denied access to his mail, (2) denied medical treatment, and (3) harassed and assaulted by Captain Candelaria. (Doc. 1.)  The suit is one of four brought by Plaintiff, acting *pro se*, in this Court for alleged civil rights violations. *See* 06CV981 JB/LCS, 06CV1200 WJ/CG, 07CV130 WJ/RLP, 07CV518 BB/RHS, 07CV519 RB/WPL.

Plaintiff's complaint originally named as Defendants (1) Captain Candelaria, (2) Ronald Torrez, Chief of Security for MDC, (3) MDC Medical Services, and (4) Martin Chavez, the Mayor of Albuquerque. (Doc. 1.)  On December 13, 2006, however, the Court dismissed the claims against MDC Medical Services and Martin Chavez with prejudice, and substituted City for MDC Medical Services as a named Defendant. (Doc. 4.)

Plaintiff subsequently submitted the following pleadings: a Supplement filed on December 18, 2006 (Doc. 8), a Motion to Amend filed on March 13, 2007 (Doc. 13), a Supplement filed on March 27, 2007 (Doc. 15), and a Motion for Order filed on May 30, 2007 (Doc. 16).  In the first Supplement, Plaintiff asked for a restraining order against all named Defendants, attempted to add new Defendants, and attempted to increase the amount sought as relief. (Doc. 8.)  In the Motion to Amend, Plaintiff again asked for a restraining order, again

attempted to increase the amount sought as relief, and also requested that the Court consider a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (Doc. 13.)  In the second Supplement, Plaintiff seems to have alleged conspiracy and tampering with evidence because the librarians at MDC were interfering with his litigation efforts. (Doc. 15.).  In the Motion for Order, Plaintiff again asked for a restraining order against all Defendants and also requested declaratory relief.  (Doc. 16.)  The Court construed each as a motion to amend Plaintiff's complaint and, because Plaintiff had several cases filed with the Court already, denied them. (Doc. 18.)

Plaintiff also filed a Motion to Appoint Counsel on June 25, 2007 (Doc. 20), and another Motion to Amend on July 9, 2007 (Doc. 23).  The Court denied both. (Docs. 21, 24.)

Motions to Dismiss were filed by Defendant Torrez on July 6, 2007 and by Defendant City on July 12, 2007. (Docs. 22, 25.)  Pursuant to FED. R. CIV. P. 12(b)(6), both claim that Plaintiff has failed to state a claim upon which relief can be granted. *Id.*  Torrez asserts that Plaintiff's Complaint fails to allege that Torrez directly participated in, directed, or inadequately supervised any of the alleged constitutional violations; City argues that Plaintiff's Complaint fails to allege deliberate indifference to his medical needs, and, that even if this is not the case, Correctional Medical Services ("CMS") should be liable in its stead. *Id*.  Were the court to fully grant both motions, Plaintiff's assault claim against Captain Candelaria would remain, as would his mail claim against City. (Doc. 1.)

On July 27, 2007, Plaintiff filed a "Waiver of Reply", which actually appears to be a response to Defendants' motions to dismiss and an attempt to amend his complaint. (Doc. 26.)  In it, Plaintiff alleges new facts concerning Defendant Ronald Torrez and asks the Court to consider

3

claims under the Federal Tort Claim Act ("FTCA") and Americans With Disability Act ("ADA"). *Id*.

Also on July 27, 2007, Plaintiff filed an additional Motion to Amend. (Doc. 29.) In it, Plaintiff alleges additional facts concerning Defendant Torrez, asks the Court to consider a RICO claim, requests an injunction, and names nearly forty new Defendants. *Id*. Defendants Torrez and Candelaria filed a Response in Opposition on August 14, 2007 (Doc. 32); Plaintiff has not filed a reply.

On August 1, 2007, Plaintiff filed a Motion for Temporary Restraining Order, seeking immediate relief from the alleged conduct of various MDC employees. (Doc. 27.) Plaintiff also asks for declaratory relief pursuant to 18 U.S.C. 2201, and seems to attempt to amend his complaint by and adding new Defendants and alleging additional facts. *Id*. Additionally, Plaintiff asks for default judgment against Defendants for failing to obey court orders, but does not specify which orders have been disregarded. *Id*. Defendants Torrez and Candelaria filed a Response in Opposition on August 14, 2007 (Doc. 31); Plaintiff has not filed a reply.

On August 7, 2007, Plaintiff filed his second Motion to Appoint Counsel. (Doc. 30.)

**II.    DEFENDANTS'S MOTIONS TO DISMISS**

The Court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted. *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). In assessing the sufficiency of the complaint, the Court must look for plausibility. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In particular, the Court must look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. *Kay v. Bemis*, 2007 U.S. App. LEXIS 21811 (10th Cir. 2007). "While a

complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 127 S. Ct. 1955 at 1965.

In addition, a pro se plaintiff's complaint is to be construed liberally and held to a less stringent standard than that used for pleadings drafted by lawyers. *Bear v. Patton,* 451 F.3d 639 at 641 (10th Cir. 2006). Dismissal of a pro se complaint is generally appropriate only when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile. *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir.1997). At the same time, the Court may not act as the pro se litigant's advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991), and must insure that the pro se party follows the same rules of procedure as any other litigant. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992); *United States v. Distefano*, 279 F.3d 1241, 1245 (10th Cir. 2002).

Applying these standards, the Court finds that the allegations contained in Plaintiff's complaint may support a legal claim for relief against Defendants Torrez and City. In the case of Torrez, Plaintiff alleges that he was harrassed and physically assaulted by Captain Candelaria, a corrections officer supervised by Torrez. (Doc. 1.) While these facts would not, on their own, establish liability against Torrez even if assumed true, the Court finds that they nonetheless plausibly support a claim for relief for, among other things, negligent supervision.[1] All that a

---

[1] Supervisory liability may exist under § 1983 when the supervisor personally directed, or had actual knowledge of and acquiesced in, the constitutional violation. *See Johnson v. Martin*, 195 F.3d 1208, 1219 (10th Cir. 1999); *Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th

complaint must do is "give the defendant fair notice of the claims against him"; a plaintiff is not required to have "every legal theory or fact developed in detail before the complaint is filed and the parties have opportunity for discovery." *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1091 (10th Cir. 1991) (citing 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICES AND PROCEDURE §§ 1215, 1219).

Likewise, the Court finds that the allegations contained in Plaintiff's complaint, liberally construed, plausibly support a claim against City under the Eighth Amendment of the United States Constitution. In the context of a § 1983 action, deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed the Eighth Amendment.[2] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). So, in order to prevail in this claim, Plaintiff must prove that he had a serious medical condition, and that City was deliberately indifferent towards it. *Id*. While Plaintiff does not specifically allege that City was deliberately indifferent to his serious medical needs, he does allege facts sufficiently harmful to evidence deliberate indifference. (Doc. 1.) In particular, Plaintiff asserts that he was denied medical treatment on a number of occasions, and that he in particular was targeted by MDC medical staff. *Id*. Thus, Plaintiff's Complaint sufficiently states a claim of medical mistreatment, and City's Motion to Dismiss must be denied. *Id*. Furthermore, the Court finds that City's indemnification

---

Cir. 1992).

[2]The parties do not specify whether the events in question occurred while Plaintiff was a pretrial detainee. If they did, the due process clause of the Fourteenth Amendment wold entitle Plaintiff to the same protection of his need for medical attention as that afforded a convicted prisoner under the Eighth Amendment. *Frohmader v. Wayne*, 958 F.2d 1024, 1028 (10th Cir. 1992).

argument is rendered moot by the Court's grant of leave to Plaintiff to file an amended complaint. (Doc. 25.)

### III.  PLAINTIFF'S MOTIONS

Plaintiff attempts to amend his complaint in several documents currently before the Court (Docs. 26, 27, 29), but each of these attempts has occurred without the Court's permission. Accordingly, they must be denied.  However, the Court will allow him to file one amended complaint in accordance with FED. R. CIV. P. 15(a).  This amended complaint shall consolidate all of the Defendants Plaintiff wishes to name, as well as all claims Plaintiff has against these Defendants.  Furthermore, it shall consist only of a short and plain statement of the grounds that entitle Plaintiff to relief.  Plaintiff has until October 31, 2007 to file this amended complaint.  If Plaintiff fails to file an amended complaint by said date, the Court will only consider his original complaint (Doc. 1) and nothing else.

Next, Plaintiff requests a temporary restraining order against several named MDC employees and "[the] rest of [the] municipality ... involved." (Doc. 27.)  To obtain a preliminary injunction under Fed. R. Civ P. 65(b), the requesting party must establish: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is used; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Fed. Lands Legal Consortium ex rel. Robart Estate v. United States*, 195 F.3d 1190, 1194 (10th Cir. 1999). Here, Plaintiff establishes no threat of irreparable harm, and instead only vaguely claims that the guard [Captain Candelaria] violates his rights and causes injury. (Doc. 27.)   Accordingly, he fails

to satisfy the requirements of Fed. R. Civ P. 65(b), and the Court must deny his request. *Fed. Lands*, 195 F.3d 1190.

Additionally, the Court must deny Plaintiff's requests for default judgment and declaratory relief. (Doc. 27.)  First, the Court does not see any basis for default judgment, and Plaintiff fails to identify one. *Id*.  Second, this Court must declare the parties' rights and obligations only when the judgment (1) will clarify or settle the legal relations in issue, and (2) terminate or afford relief from the uncertainty giving rise to the proceeding. *Kunkel v. Continental Cas. Co.*, 866 F.2d 1269, 1275 (10th Cir. 1989).  In this case, the Court finds that declaratory judgment would do neither, and is thus inappropriate. *Id*.

Finally, the Court finds that Plaintiff's Motion to Appoint Counsel (Doc. 30) is not well-taken and will deny it at this time.

**WHEREFORE,**

**IT IS ORDERED** that Defendant Torrez's Motion to Dismiss (Doc. 22) and Defendant City's Motion to Dismiss (Doc. 25) are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff has until **October 31, 2007** to file **one** amended complaint in accordance with FED. R. CIV. P. 15(a).

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion for Temporary Restraining Order (Doc. 27) and Motion to Appoint Counsel (Doc. 30) are **DENIED.**

**IT IS SO ORDERED.**

_____
LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE